IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40470
Summary Calendar
_____

JERRY DON WILSON,

Plaintiff-Appellant,

versus

JASON HINDS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(96-CV-517)
--------------------

November 26, 1999

Before POLITZ, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jerry Don Wilson, Texas state prisoner # 590690, appeals a jury verdict in favor of prison guard Jason Hinds in a civil rights action under 42 U.S.C. § 1983 alleging an excessive use of force in violation of the Eighth Amendment.

Wilson asserts that counsel for Hinds acted in the case before the district court granted his motion to appear pro hac vice, that the district court erred in allowing the written testimony of witness Robert Garza rather than requiring Garza to appear at trial, and that the district court erred in not allowing him to use

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

peremptory challenges or allowing him to object to the jury. Wilson did not raise objections to these three alleged errors in the district court and review is limited to plain error. Highland Ins. v. National Union Fire Ins. Co. of Pittsburgh, 27 F.3d 1027, 1031-32 (5th Cir. 1994)). Wilson has not shown clear or obvious error affecting his substantial rights with respect to any of these issues.

Wilson asserts that the district court erred by not allowing the affidavits of inmates into evidence. Wilson does not cite to the record or even state with specificity which affidavits were not admitted. Accordingly, this issue is deemed abandoned on appeal. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Wilson asserts that the district court erred by instructing the jury regarding qualified immunity because all of the evidence showed that Hinds acted beyond the scope of his authority and that there was no evidence to support the jury's verdict that Hinds did not use excessive force. Wilson's assertions that Officer Hinds was lying on the stand is not sufficient to overturn the jury's credibility decisions and ultimate factual determination that Hinds did not use excessive force. Baltazor v. Holmes, 162 F.3d 368, 373 (5th Cir. 1998). Officer Hinds's testimony was also sufficient to support the instruction on qualified immunity; however, any error in the instruction would be harmless because the jury did not reach the issue of qualified immunity.

AFFIRMED.

2